UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY WILLIAMS,<br>Plaintiff,<br>v.<br>WELLS FARGO BANK,<br>Defendant. | Case No. 18-cv-02831-MEJ<br><br>**ORDER FOR REASSIGNMENT;<br>REPORT AND RECOMMENDATION**<br><br>Re: Dkt. No. 3 |

## INTRODUCTION

On May 14, 2018, Plaintiff Gregory Williams brought the above-captioned case along with an Application to Proceed In Forma Pauperis. Appl., Dkt. No. 3. Not all parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). *See Williams v. King*, 875 F.3d 500 (9th Cir. 2017); *Tripati v. Rison*, 847 F.2d 548 (9th Cir. 1988) (absent consent of all parties to a magistrate judge's jurisdiction, the magistrate judge is not authorized to deny a motion to proceed in forma pauperis). Accordingly, the Court ORDERS the Clerk of Court to reassign this case to a District Judge with the recommendation that Plaintiff's IPF Application be denied and that Plaintiff be ordered to pay the $400 filing fee in full.

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915, a district court may authorize the commencement of a civil action in forma pauperis if it is satisfied that the would-be plaintiff cannot pay the filing fees necessary to pursue the action. 28 U.S.C. § 1915(a)(1). The policy for allowing a plaintiff to proceed in forma pauperis is to protect a litigant from abandoning "what may be a meritorious claim in order to spare himself complete destitution." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 340 (1948).

When ruling on an in forma pauperis application, three general principles apply. First, proceeding in forma pauperis in a civil case is a privilege or favor granted by the government. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993). Second, the statute reads that the court "may authorize the commencement" of an action. 28 U.S.C. § 1915(a)(1). Thus, the grant, denial, or other decision concerning an in forma pauperis application requires the court to exercise discretion. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Third, the ability to pay does not require that plaintiffs contribute their "last dollar" or "make themselves and their dependents wholly destitute." *Adkins*, 335 U.S. at 339.

For a court to authorize the commencement of an action without the prepayment of the filing fee, a person must submit an affidavit that includes a statement of all the assets the person possesses. 28 U.S.C. § 1915(a)(1). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins*, 335 U.S. at 339).

**DISCUSSION**

Plaintiff declares he has received income from a number of sources, but he does not state the amount received from each source. Appl. ¶ 2 (only identifying source of money as "world global economics"). Plaintiff also declares he has bank accounts with present balances of "multi trillions" and owns "multi trillions" in cash. *Id.* ¶ 7. He identifies "global economics investor" as an asset but does not indicate the value thereof. *Id.* Under charge accounts, he lists his name, "Gregory Williams," and states his monthly payment is "trillions" with the total owed as "trillions." *Id.* ¶ 8.

The Court initially noted the information provided in the Application was "insufficient to allow the Court to determine whether Plaintiff is able to pay the $400 filing fee without becoming destitute." Order re: IFP Appl. at 1, Dkt. No. 4. The Court ordered Plaintiff to "submit an updated application that states with specificity his income and assets." *Id.* at 1-2. The deadline to file an updated IPF application was May 30, 2018. *Id.* at 1. As of the date of this Report and Recommendation, Plaintiff has not submitted an updated IFP application. *See* Docket. As such, the information in the record does not allow the Court to determine whether Plaintiff qualifies for

IFP status. For this reason, the Court RECOMMENDS Plaintiff's IFP Application be denied and that Plaintiff be ordered to pay the $400 filing fee in full.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2), a party may serve and file any objections within 14 days after being served.

**IT IS SO RECOMMENDED.**

Dated: June 4, 2018

_____
MARIA-ELENA JAMES
United States Magistrate Judge